IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5:11-CV-00023-FL

SANDRA WILLIAMS, *Evangelist*, and )
TERRENCE E. COTTON, )
                                           )
    Plaintiffs, )
                                           )      **ORDER AND**
             v.                            )      **MEMORANDUM AND**
                                             )      **RECOMMENDATION**
                                             )
NASH COUNTY DISTRICT ATTORNEY'S )
OFFICE , DAVID BRASEWELL, HOWARD )
KURTZ, and ROCKY MOUNT POLICE )
DEPARTMENT, )
                                           )
    Defendants. )

This matter is before the Court on Plaintiffs' motions to proceed *in forma pauperis* and for frivolity review [DE- 1 & 3]. The application to proceed *in forma pauperis* of Terrence E. Cotton is incomplete. Pursuant to 28 U.S.C. § 1915(a)(2), "A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." Ordinarily, the Court would request this information from the Department of Corrections and then evaluate the request. However, because the undersigned recommends that the complaint be dismissed on frivolity review, it is further recommended that Cotton's request to proceed *in forma pauperis* be denied as moot. As to the application of Sandra Williams, the Court finds that she has demonstrated appropriate evidence of inability to pay the required court costs and allows her

application.

Notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, a court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief, and the court must accept all well-pled allegations and review the complaint in a light most favorable to plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). However, facts must be alleged with specificity. *Id.* at 724. After careful review of the complaint, the undersigned recommends that it be dismissed on frivolity review.

## ANALYSIS

On January 11, 2010, Cotton pled guilty to one count of voluntary manslaughter for fatally stabbing James Earl Ruffin. The offense occurred on June 12, 2008, and at that time Cotton was 16 years old. Plaintiffs allege that Cotton was kidnaped from his mother, Williams, when he was arrested and interrogated by detectives of the Rocky Mount Police Department without the consent or presence of Williams. Plaintiffs further allege that Cotton was denied effective assistance of counsel because no investigation was made to aid in his defense at trial and that he was threatened with a life sentence if he did not plead guilty, all in violation of 42 U.S.C. § 1983. Plaintiffs ask the Court to vacate Cotton's sentence and to order his release and to award Williams $25 million in

2

damages.

**A.      Terrence Cotton**

As an initial matter, Cotton cannot obtain release from custody pursuant to § 1983. To the extent Cotton seeks release, he must exhaust his state court remedies and file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.") The only relief requested by Cotton relates to his confinement, and it is Williams, not Cotton, who seeks monetary relief, Pls.' Compl. at 4 [DE-1]. *See id.* at 494 (concluding that habeas corpus, not § 1983, was proper avenue for relief where no damages were sought; "If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus."). Additionally, Defendants David Brasewell and Howard Kurtz, Cotton's court appointed defense attorneys, are private citizens and are not liable under § 1983. *See Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (concluding that state court appointed attorneys do not act under color of state law for purposes of § 1983 liability). Accordingly, the undersigned **RECOMMENDS** that Cotton's claims be **DISMISSED** for failure to state a claim upon which relief can be granted.

**B.      Sandra Williams**

Williams asks the Court to award her $25 million dollars in damages. However, the complaint alleges that her son's constitutional rights were violated as opposed to her own rights. Generally, a party lacks standing to recover under § 1983 for violations of a third party's

3

constitutional rights. "To overcome the prudential limitation on third-party standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) a close relationship between herself and the person whose right she seeks to assert; and (3) a hindrance to the third party's ability to protect his or her own interests." *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 215 (4th Cir. 2002) (citing *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991)). While her son may have been a minor at the time he committed the offense underlying his conviction, it appears he is now an adult and there is no evidence that he is not competent or is unable to protect his own interests. Accordingly, the undersigned **RECOMMENDS** that Williams's claims be **DISMISSED** for lack of standing.

## CONCLUSION

It is hereby **ORDERED** that Williams's application to proceed *in forma pauperis* is **GRANTED**. However, it is **RECOMMENDED** that the complaint be **DISMISSED** on frivolity review for failure to state a claim upon which relief can be granted and lack of standing and that Cotton's application to proceed *in forma pauperis* be **DENIED AS MOOT**.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiffs, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 19th day of April, 2011.

DAVID W. DANIEL
United States Magistrate Judge

4