IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-23-FL

| | | |
|---|---|---|
| SANDRA WILLIAMS, *Evangelist*; TERRENCE E. COTTON, | ) ) ) | |
| Plaintiffs, | ) ) ) | ORDER |
| v. | ) ) | |
| NASH COUNTY DISTRICT ATTORNEY'S OFFICE; DAVID BRASEWELL; HOWARD KURTZ; and ROCKY MOUNT POLICE DEPARTMENT, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge David W. Daniel, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). The magistrate judge orders that plaintiff Sandra Williams's ("Williams") application to proceed *in forma pauperis* be granted, and recommends that plaintiff Terrence Cotton's ("Cotton") application to proceed *in forma pauperis* (DE # 5) be denied as moot and that the court dismiss plaintiffs' complaint on frivolity review. No objections to the M&R have been filed.

Williams filed an application to proceed *in forma pauperis* in this action on January 14, 2011, which motion the magistrate judge granted in M&R. Cotton filed an application to proceed *in forma pauperis* on February 3, 2011, which motion the magistrate judge denied as moot in M&R for incompleteness. However, the magistrate judge recommended that the action be dismissed on frivolity review. Specifically, the magistrate judge notes that Cotton, as a prisoner, cannot obtain

release from custody pursuant to 42 U.S.C. § 1983; but rather must exhaust his state court remedies and file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Additionally, defendants David Brasewell and Howard Kurtz, Cotton's court appointed defense attorneys, are private citizens and are not liable under § 1983. See Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). As for Williams's complaint, since she only alleges that her son's constitutional rights were violated as opposed to her own rights, and it now appears that Cotton is an adult and able to protect his own rights, Williams lacks standing to pursue this claim. See Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 215 (4th Cir. 2002).

Absent a specific and timely filed objection, the court reviews a magistrate judge's recommendation under 28 U.S.C. § 636(b) only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). The court has carefully considered the complaint and the magistrate judge's analysis. The court agrees with the magistrate judge that plaintiffs' complaint should be dismissed on frivolity review, and accordingly ADOPTS the M&R (DE # 6) as its own. Cotton's application to proceed *in forma pauperis* (DE # 5) is DENIED as moot, and this action is accordingly DISMISSED.

SO ORDERED, this the 16 day of May, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge